**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 09-5073**

————————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

BOBBY MICHAEL GILYARD, a/k/a Big Mike,

Defendant – Appellant.

————————

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   Henry M. Herlong, Jr., Senior
District Judge.  (8:09-cr-00274-HMH-1)

————————

Submitted:  August 19, 2010      Decided:  August 26, 2010

————————

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

Everett P. Godfrey, Jr., GODFREY LAW FIRM LLC, Greenville, South
Carolina, for Appellant.   Alan Lance Crick, Assistant United
States Attorney, Greenville, South Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Gilyard pled guilty pursuant to a written plea agreement to possession with intent to distribute and distribution of fifty grams or more of cocaine base and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(D) (2006). He was sentenced to the statutorily-mandated minimum sentence of 240 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether the sentencing scheme for cocaine base offenses under 21 U.S.C. § 841 violates the Due Process and Equal Protection clauses. Finding no reversible error, we affirm.

Gilyard argues that the sentencing scheme under 21 U.S.C. § 841 as it relates to cocaine base is unconstitutional because it is not proportional to sentences for powder cocaine and therefore it violates his rights to due process and equal protection. As counsel concedes, this issue is foreclosed by Circuit precedent that has not been overruled. See United States v. Perkins, 108 F.3d 512, 518-19 (4th Cir. 1997) (rejecting equal protection challenge to the disparate statutory mandatory minimums applicable to crack cocaine and powder cocaine offenses); United States v. Fisher, 58 F.3d 96, 99-100

2

(4th Cir. 1995) (rejecting due process challenge to same). <u>See also</u> <u>Kimbrough v. United States</u>, 552 U.S. 85, 108 (2007) (recognizing that, although sentencing courts are free to reject the 100:1 crack/powder ratio used to calculate a defendant's Guidelines range, they are nonetheless "constrained by the mandatory minimums Congress prescribed.").

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We further reject Gilyard's arguments in his pro se supplemental brief. We therefore affirm the district court's judgment. This court requires that counsel inform Gilyard, in writing, of his right to petition the Supreme Court of the United States for further review. If Gilyard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gilyard. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3